Neil B. Klein, Bar No. 142734
neilk@mckassonklein.com
Michaël Fischer, Bar No. 202543
mfischer@mckassonklein.com
Maria del Rocio Ashby, Bar No. 206282
mrashby@mckassonklein.com
**McKASSON & KLEIN LLP**
2211 Michelson Drive, Suite 320
Irvine, California 92612
Telephone: (949) 724-0200
Facsimile:  (949) 724-0201

ATTORNEYS FOR: Specially appearing party ANL SINGAPORE PTE LTD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ORIENT SPIRIT NAVIGATION LIMITED,<br><br>    Plaintiff,<br><br>    vs.<br><br>ANL CONTAINER LINE PTY LIMITED,<br><br>    Defendants. | Case No.:  14-cv-0572 PA (JCx)<br>The Honorable Percy Anderson<br><br>IN ADMIRALTY<br><br>**NOTICE OF MOTION AND MOTION FOR STATUS CONFERENCE BY SPECIALLY APPEARING PARTY ANL SINGAPORE PTE LTD**<br><br>**Restricted Appearance Pursuant to Rule E(8)**<br><br>Hearing Date:  March 23rd 2015<br>Time:          1:30 p.m.<br>Courtroom:     15 |

**TO THE COURT, PLAINTIFF AND ALL COUNSEL OF RECORD:**

NOTICE IS HEREBY GIVEN that on March 23rd 2015 at 1:30 p.m., or as soon thereafter as this matter may be heard before the Honorable Percy Anderson, of the U.S. District Court for the Central District of California, Western Division, 312 N. Spring Street, Los Angeles, California, specially appearing party ANL SINGAPORE PTE LTD ("ANL-S") will and hereby does move the Court, pursuant to Federal Rule of Civil Procedure 16(a), to convene a status conference at the Court's earliest

-1-

1  convenience for a briefing and discovery schedule for a wrongful attachment motion
2  by ANL-S against Plaintiff, under the Court's supplemental and ancillary jurisdiction.

3      This Motion is made following ANL-S' efforts to confer with Plaintiff under Local
4  Rule 7-3 regarding the Court's retention of jurisdiction to resolve the wrongful
5  attachment claim: (1) on Jan 26th 2015, ANL-S' counsel asked Plaintiff's counsel to
6  inform the 9th Circuit Court of Appeal, in a proposed motion to dismiss Plaintiff's
7  appeal, that ANL-S requested the District Court to retain jurisdiction on its wrongful
8  attachment claim – he responded he saw no need to address the issue in the
9  motion; (2) on Feb 10th 2015, after the appeal was dismissed, ANL-S' counsel
10 asked Plaintiff counsel to stipulate to the District Court retaining jurisdiction on the
11 wrongful attachment claim – he advised he would seek instructions and revert, but
12 never responded; and (3) on Feb 18th 2014, ANL-S' counsel asked again if Plaintiff
13 counsel would stipulate to the District Court retaining jurisdiction over ANL-S' claim
14 for wrongful attachment – in response, on Feb 19th 2014 (the next day), he filed a
15 voluntary dismissal of the Rule B complaint under Fed. R. Civ. P. 41(a). As a result,
16 on Feb 19th 2014, since meet and confer efforts were unsuccessful – Plaintiff's
17 counsel having rejected the request by filing a voluntary dismissal – ANL-S' counsel
18 advised it would seek relief by motion based on the Court's supplemental and
19 ancillary jurisdiction (to date, there has been no response).

20     The motion is based on this Notice of Motion and Motion, accompanying
21 Memorandum of Points and Authorities; pleadings and papers on file in this action
22 and such further argument and matters offered at the hearing on the Motion.

23 Dated: February 23, 2015      */s/ Neil B. Klein*
    Neil B. Klein
24     Michaël Fischer
25     Maria del Rocio Ashby
    **MCKASSON & KLEIN LLP**
26     Attorneys for ANL SINGAPORE PTE
    LTD, specially appearing party
27     pursuant to F.R.C.P. Supp. R. E(8)

28

## MEMORANDUM OF POINTS & AUTHORITIES

### A. PROCEDURAL BACKGROUND

On Jan 24th 2014, Plaintiff filed a Verified Complaint against ANL Container Line (Pty) Limited ("ANL-CL") under Supplemental Admiralty Rule B to obtain jurisdiction over ANL-CL and for security in aid of London arbitration between Plaintiff and ANL-CL. The Verified Complaint sought attachment of bunkers aboard the M/V WINTER-D ("Vessel"), which Plaintiff represented to the Court was chartered by defendant ANL-CL. [Dkt. 1] Plaintiff obtained an ex parte writ of attachment from the Court the same day.

Then on Jan 25th 2014, Plaintiff attached bunkers aboard the Vessel when it docked at the Port of Los Angeles. [Dkt. 12, 38]

ANL-S was not a party to the London arbitration and not named in the Verified Complaint; it claimed ownership of the bunkers as the Vessel's time charterer (purchaser and payor of the bunkers), and notified Plaintiff it would seek damages for wrongful attachment while the bunkers remained attached and the Vessel was unable to sail. [Dkt. 20 – Michael Fischer Decl. ISO Motion to Vacate] However, Plaintiff refused to release the Vessel unless ANL-S and defendant ANL-CL's P&I Club insurer provided a letter of undertaking ("LOU") as substitute security.

On Jan 30th 2014, The Steamship Mutual Underwriting Association (Bermuda) Ltd. provided the requested LOU for approximately $1.5 million, which Plaintiff accepted on terms drafted, revised and approved by Plaintiff's counsel. At page 2, the LOU recognized that " [i]t is the express intent of the parties that this LOU does not displace the Court's jurisdiction in the California Litigation for purposes of [ANL-S] challenging the attachment and seeking all available remedies to which it may be entitled." [See Decl. of Michael Fisher ISO of Motion for Status Conference filed concurrently herewith ("Fisher Decl."), at ¶¶4-5 and Ex. A thereto]

On Feb 12th 2014, ANL-S (not a named defendant) entered a special appearance and moved to vacate the attachment on the ground it was the Vessel's

charterer and owner of the bunkers. [Dkt. 18] On Sept 6th 2014, this Court adopted the findings, conclusions and recommendations of U.S. Magistrate Judge Jacqueline Chooljian of July 25th 2014, and vacated the attachment. [Dkt. 53]

Plaintiff appealed the vacatur to the 9th Circuit Court of Appeals [Dkt. 54] but while the appeal was pending, it settled with ANL-CL in the London arbitration. On Feb 2nd 2015, the 9th Circuit granted Plaintiff's motion to dismiss the appeal.

On Feb 19th 2015, Plaintiff filed a voluntary dismissal under Fed. R. Civ. P. 41(a). [Dkt. 58, 62]

**B. NOTICE OF ANL-S INTENT RE WRONGFUL ATTACHMENT DAMAGES**

Plaintiff has had notice since it filed the action that ANL-S disputed its right to attach the bunkers aboard the Vessel, and would move for wrongful attachment damages before this Court: the issue was raised, among others, in: (1) the LOU [Fischer Decl. at ¶¶3-5, Ex. A]; (2) ANL-S' motion to vacate [Dkt. 18]; and (3) discussions on dismissal of the 9th Circuit appeal after Plaintiff settled its dispute with ANL-CL in the London arbitration (see below).

**C. MEET & CONFER EFFORTS**

Jan 26th 2015:

ANL-S' counsel asked Plaintiff's counsel to inform the 9th Circuit Court of Appeal, in a proposed motion to dismiss Plaintiff's appeal, that ANL-S requested the District Court to retain jurisdiction on the wrongful attachment claim – he responded that he saw no need to address the issue in the motion. [Decl. of Neil B. Klein ISO of Motion for Status Conference filed concurrently herewith ("Klein Decl."), at ¶¶3-4 and Ex. A thereto]

Feb 10th 2015:

After the appeal was dismissed, ANL-S' counsel asked Plaintiff counsel to stipulate to the District Court retaining jurisdiction on the wrongful attachment claim – Plaintiff's counsel advised he would seek instructions and revert, but never did. [Klein Decl. ¶¶5-6 and Ex. B thereto]

Feb 11th 2015:

The Court issued a Minute Order, ordering Plaintiff to show cause in writing why the case should not be dismissed for lack of prosecution. [Dkt. 59]

Feb 13th 2015:

ANL-S filed a request for status conference to set a briefing and discovery schedule and asked the Court to retain jurisdiction; ANL-S advised that it had sought a stipulation from Plaintiff, but Plaintiff had not responded. [Dkt. 60]

Feb 18th 2015:

The Court rejected ANL-S' request for status conference on the ground it did not comply with Local Rule requirements for stipulation, ex parte or noticed motion. [Dkt. 61] That same day, ANL-S' counsel *again* asked if Plaintiff would stipulate to the District Court retaining jurisdiction on issues as to the wrongful attachment claim. [Klein Decl. ¶7 and Ex. C thereto]

Feb 19th 2014:

Plaintiff filed a voluntary dismissal of the action under Fed. R. Civ. P. 41(a). [Dkt. 62] That same day, when it was clear further meet and confer efforts would not be successful, Plaintiff having rejected the request for stipulation by filing the voluntary dismissal and ignoring all prior inquiries, ANL-S' counsel advised it would seek relief by motion based on the Court's supplemental and ancillary jurisdiction (to date, there has been no response). [Klein Decl. ¶7 and Ex. D thereto]

**D. LEGAL ARGUMENT**

Rule 16(a) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, direct attorneys for the parties to appear before it for a conference in order to expedite matters.

Because of the strong public interest in a prompt and orderly resolution of the remaining issue in this case, and in the interests of judicial economy, ANL-S respectfully requests that the Court exercise its ancillary and supplemental jurisdiction and schedule a status conference for briefing and discovery on ANL-S'

motion for wrongful attachment which, in admiralty, includes detention damages and equitable recovery of attorney's fees and costs. See *Equatorial Marine Fuel Management Services v. MISC Berhad*, 2011 WL 6882941 (9th Cir.); *Madeja v. Olympic Packers, LLC,* 310 F. 3d 628, 635 (9th Cir. 2002).

This Court has ancillary and supplemental jurisdiction to adjudicate ANL-S' wrongful attachment claim because the request for detention damages and attorney's fees is closely related to the underlying Rule B attachment such that it forms part of the same case or controversy. See *Cooter v. Hartmarx Corporation,* 496 U.S. 384, 395-96 (1990); *Federal Savings and Loans Savings Corporation v. Ferrante*, 364 F. 3d 1037, 1040-41 (9th Cir. 2004).

**E. CONCLUSION**

Based on the foregoing, ANL-S respectfully requests that the Court grant this Motion and schedule a status conference for briefing and discovery on ANL-S' claim for wrongful attachment damages.

Dated: February 23, 2015

*/s/ Neil B. Klein*
Neil B. Klein
Michaël Fischer
Maria del Rocio Ashby
**MCKASSON & KLEIN LLP**
Attorneys for ANL SINGAPORE PTE LTD, specially appearing party pursuant to F.R.C.P. Supp. R. E(8)

# CERTIFICATE OF SERVICE

I, Neil B. Klein, hereby certify and declare as follows:

1. I am over the age of 18 and not a party to this action.

2. I am a citizen of the United States and employed in Orange County, California. My business address is 2211 Michelson Drive, Suite 320, Irvine, California 92612.

3. I am readily familiar with this firm's practice with respect to the collection and processing of pleadings, discovery documents, motions and all other documents which must be served upon opposing parties or other counsel in litigation.

4. On February 23, 2015, I served by electronically filing in accordance with CM/ECF procedures, the rules governing the electronic filing and subsequent service of documents in the United States District Court in and for the Central District of California a true and correct copy of:

- **NOTICE OF MOTION AND MOTION FOR STATUS CONFERENCE BY SPECIALLY APPEARING PARTY ANL SINGAPORE PTE LTD**

5. Upon information and belief counsel for all known parties are registered participants of the CM/ECF system; therefore notice will be duly served by electronic mail to the following parties by and through their counsel of record at their email addresses as follows:

**KAY, ROSE & PARTNERS, LLP**
1801 Century Park East, Suite 1500
Los Angeles, CA  90067
Bradley M. Rose          -     brose@kayerose.com
Andre M. Picciurro       -     apicciurro@kayerose.com
**Attorneys for Plaintiff Orient Spirit Navigation Limited**

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

*/s/ Neil B. Klein*
Neil B. Klein